UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENGST SE, <br><br> Plaintiff, <br><br> v. <br><br> LUBER-FINER, INC. and CHAMPION LABORATORIES, INC., <br><br> Defendants. | Case No. 21-cv-6822 <br><br> Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

On April 18, 2022, Plaintiff filed an amended complaint [26] alleging, among other claims, direct patent infringement of U.S. Patent No. 9,044,698 (count I). Plaintiff alleges upon information and belief that Defendants "directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 25, of the '698 Patent in violation of 35 U.S.C. § 271(a)." [26] ¶ 22. Plaintiff does not specifically allege infringement of any claim other than 25.

Defendants move to dismiss count I, *see* [27], arguing that claim 25 depends from claim 1, meaning Plaintiff cannot allege direct infringement of claim 25 without also alleging direct infringement of claim 1, which Plaintiff has not alleged (and according to Defendants cannot allege). [28] at 5–7, 12–14. As a matter of law, Defendants are correct that a dependent claim cannot be infringed unless the claim from which that claim depends is also infringed. *See Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989) ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been

1

found to have been infringed"); *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000) ("dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed"). Thus, if claim 25, in fact, depends upon claim 1, Plaintiff's direct infringement claim fails.[1] Plaintiff disputes that claim 25 is dependent.

A claim "may be written in independent or, if the nature of the case admits, in dependent or multiple dependent form." 35 U.S.C. § 112(c). "Independent claims are free-standing. The scope of an independent claim can therefore be determined, at least in theory, by referring to that claim only and not to any other claims in the patent. Dependent claims, in contrast, incorporate the contents of a preceding claim by reference. The scope of a dependent claim cannot be ascertained without referring to the claim from which it depends." *ABS Glob., Inc. v. Inguran, LLC*, 914 F.3d 1054, 1069 (7th Cir. 2019) (quoting 1 Moy's Walker on Patents § 4:102 (4th ed.)). In *ABS Global*, the Seventh Circuit determined, using this definitional standard, that two claims that specified a method "according to Claim 1," "can only be dependent claims." *Id.*

Here, many of the '678 Patent's claims use this exact same language and are thus easily classified as dependent claims. *See* [26-1], claim 2 ("The filter according to claim 1, wherein the filter housing has a bottom comprising a central, hollow-

---

[1] Plaintiff alleges that the '698 Patent "is directed, generally, to a novel automotive oil filter in combination with a removable novel filter insert and to the novel filter insert alone." Claim 1 recites the former: "A filter for a fluid medium, comprising a filter housing and a cover, which is releasably connectable to the filter housing, comprising a filter insert, which comprises a hollow cylindrical filter cloth body and two end discs . . . ." [26] ¶ 22. Claim 25 recites the latter: "A filter insert, which interacts with a filter according to claim 1 . . . ." *Id.* Plaintiff's direct infringement claim says nothing about a filter but is based solely upon the LP7184 filter insert. *Id.* ¶¶ 24–35.

2

cylindrical bottom part . . . ."); claim 6 ("The filter according to claim 1, wherein the unlocking means are one of arranged and integrally molded on one of the filter insert . . . ."); claim 8 ("The filter according to claim 1, wherein the locking device is formed by means of locking guides . . . ."); claim 15 ("The filter according to claim 1, wherein the locking device is formed by means of guide means . . . ."); claim 20 ("The filter according to claim 1, wherein provision is made on the outer periphery of the stand pipe for position guide means . . . ."); claim 21 ("The filter according to claim 1, wherein the force, which prestresses the locking ring in the pushed-out direction, is created by means of at least one pressure spring . . . ."); claim 22 ("The filter according to claim 1, wherein, for forming a coded lock-key system, provision is made for locking devices which are designed differently . . . ."); claim 23 ("The filter according to claim 1, wherein one of the end discs of the filter insert encompasses a valve seal for a valve body on the filter housing side . . . ."); and claim 24 ("The filter according to claim 1, wherein the filter housing encompasses an eccentrically arranged discharge channel in its bottom . . . .").

Claim 25 includes slightly different language. It claims a "filter insert, which interacts with a filter according to claim 1, wherein the filter insert comprises a hollow-cylindrical filter cloth body and two end discs enclosing the hollow-cylindrical cloth body frontally . . . ." As a practical matter, however, claim 25 still "incorporates the contents of a preceding claim by reference," and claim 25's scope "cannot be ascertained without referring to the claim from which it depends." *ABS Global,* 914 F.3d at 1069. Claim 25 thus falls solidly within the statutory definition of a

3

dependent claim. *See* 35 U.S.C. § 112(d) (A dependent claim "shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed" and "shall be construed to incorporate by reference all the limitations of the claim to which it refers.").

The classification of claim 25 as dependent is further bolstered by the prosecution history, which the Court may properly consider at this stage. *See, e.g., Cleveland Clinic Found. v. True Health Diagnostics LLC*, 760 F. App'x 1013, 1018 (Fed. Cir. 2019) (relevant prosecution histories are "public records" properly considered at the pleadings stage) (quoting *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018)); *Atos, LLC v. Allstate Ins. Co.,* No. 20-CV-06224, 2021 WL 6063963, at *8 (N.D. Ill. Dec. 22, 2021) ("The Court may consider the prosecution history of a patent in connection with a motion to dismiss.") (citing *OIP Technologies, Inc. v. Amazon.com, Inc.,* 788 F.3d 1359, 1363 (Fed. Cir. 2015); *Amgen Inc. v. Coherus BioSciences Inc.*, 931 F.3d 1154, 1159–60 (Fed. Cir. 2019)). The fee calculation sheet includes a list of claims and the particular classification of each as independent or dependent; for dependent claims, the sheet also requires a recitation of the independent claim from which each dependent claim depends. *See* [28-2] at 3. The applicant here identified claim 25 as dependent from claim 1. *Id.* Plaintiff does not dispute that the applicant classified claim 25 as dependent; nor does it argue that the classification was subsequently challenged or changed. Instead, Plaintiff argues that the Court should not consider this evidence at this stage of the litigation. [31]

4

at 8–10. And, in support, Plaintiff relies upon *Lecat's Ventriloscope v. MT Tool & Manufacturing*, No. 16 C 5298, 2017 WL 1362036 (N.D. Ill. Jan 6, 2017).

In *Lecat's*, the district court noted that the Federal Circuit "has cautioned against construing claim language to resolve, at the pleading stage, what are effectively non-infringement arguments" and that, in keeping with this principle, district courts have "repeatedly held that if a court is required to construe the meaning of claim terms and perform an infringement analysis in order to resolve a motion to dismiss…the motion should be denied, because this type of analysis is inappropriate at the pleading stage." 2017 WL 1362036, at *4.

The Court agrees that claim construction may be inappropriate at the motion to dismiss stage. *See, e.g. In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012) ("claim construction at the pleading stage—with no claim construction processes undertaken—was inappropriate"); *Yangaroo Inc. v. Destiny Media Techs. Inc.*, No. 09-C-462, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009) ("While claim construction is a matter of law involving a determination of "the meaning and scope of the patent claims asserted to be infringed," through a consideration of sources intrinsic to the claim, such as the claim itself, the specification, and the prosecution history, "the proper time for this Court to address claim construction is not in a motion to dismiss.") (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317–18 (Fed. Cir. 2005) (en banc); *Schreiber v. Eli Lilly & Co.*, No. Civ. A. 05CV2616, 2006 WL 782441, at *4 n.10

(E.D. Pa. Mar. 27, 2006). But the Court need not construe any claim language to find claim 25 dependent. Rather, the nature of the claim is readily apparent from the reference to claim 1 and from the patentee's classification of the claim as such in prosecution.

Nor has the Court analyzed the alleged infringement; rather, the decision today rests solely upon the absence in the complaint of any allegation of infringement of the independent claim from which claim 25 (the sole claim allegedly infringed) depends. As such, *Lecat's* does not apply.

## CONCLUSION

For the reasons explained above, the Court finds that Plaintiff's direct infringement claim fails as a matter of law because it fails to allege infringement of the independent claim from which claim 25 depends. To the extent Plaintiff wishes to amend its complaint to allege infringement of independent claim 1 and can do so consistent with its obligations under Rule 11, Plaintiff may file an amended complaint by December 7, 2022.

Dated: November 16, 2022

Entered:

_____
John Robert Blakey
United States District Judge